# EXHIBIT 1

Case 1:23-cv-04345-LMM   Document 1-1   Filed 09/25/23   Page 2 of 10

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03597-S4**
**5/25/2023 3:08 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ELISA RODRIGUEZ,<br><br>*Plaintiff*,<br><br>vs.<br><br>SIKA CORPORATION, GREENWICH INSURANCE COMPANY, and MICHAEL STEVEN REEVES,<br><br>*Defendants*. | CIVIL ACTION FILE NO.: __23-C-03597-S4__<br><br>*JURY TRIAL DEMANDED.* |

## COMPLAINT

Elisa Rodriguez, "Plaintiff," makes and files this Complaint against Sika Corporation, Greenwich Insurance Company, and Michael Steven Reeves (hereinafter referred to collectively as "Defendants"), as follows:

### PARTIES & JURISDICTION

**1.**

Plaintiff is a citizen and resident living within the State of Georgia, and Plaintiff is subject to the jurisdiction of this Court.

**2.**

Defendant Sika Corporation ("Sika") is a foreign corporation existing under the laws of the State of New Jersey with a principal place of business in New Jersey. Defendant Sika may be served by delivering a copy of the Summons and Complaint on its registered agent, Corporation service Company, 2 Sun Court, Suite #400, Peachtree Corners, Gwinnett County, Georgia 30092, and it is subject to the jurisdiction of this Court.

- Page 1 -

**3.**

Defendant Greenwich Insurance Company ("GIC") is a foreign corporation existing under the laws of the State of Delaware with a principal place of business in Connecticut. Defendant GIC may be served by delivering a copy of the Summons and Complaint on its registered agent, Linda Banks, c/o C T Corporation System, at 289 South Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805, and it is subject to the jurisdiction of this Court.

**4.**

Defendant Reeves is a citizen and resident of the State of Florida, and he may be served with a copy of the Summons and Complaint at his residential home address of 1372 Pine Bluff Road, Perry, Florida 32348-8590, in addition to service under O.C.G.A. § 40-12-2 as Defendant Reeves was a nonresident motorist.

**5.**

This lawsuit arises out of a motor vehicle crash that occurred on Interstate 85 northbound in Fulton County, Georgia (hereinafter the "subject-crash").

**6.**

Jurisdiction and venue are proper in this Court.

**FACTUAL BACKGROUND**

**7.**

On or about December 9, 2021, Plaintiff was driving a vehicle northbound on I-85 near the intersection with Peachtree Street.

**8.**

At the same time, Defendant Reeves was operating a tractor-trailer on I-85 northbound in the lane directly to the left of Plaintiff's vehicle.

**9.**

At the same time, Defendant Reeves was operating a tractor-trailer on I-85 northbound in the lane directly to Plaintiff's left when he failed to maintain his lane and attempted an improper lane change, thus colliding with the driver's side of Plaintiff's vehicle.

**10.**

At all relevant times, Plaintiff was operating her vehicle in a safe and prudent manner as she traveled on I-85 northbound.

**11.**

As a result of the subject-crash, Plaintiff suffered severe and permanent injuries requiring extensive medical treatment, including neck surgery.

### COUNT I — *Negligence of Defendant Reeves*

**12.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #11 above as if fully restated.

**13.**

Defendant Reeves owed a duty to exercise due care while operating his tractor-trailer; to maintain his lane of travel; to keep a proper lookout; to operate his vehicle at a safe rate of speed; to pay attention and avoid driver distraction at all times; to change lanes properly; to attempt a lane change only if the maneuver can be completed safely; to never try changing lanes unless it can be completed without colliding with another vehicle; to monitor the space around his vehicle; to check his sideview mirrors on a rolling basis; to take proper evasive action if and when necessary; and, to operate his vehicle in in a safe and reasonable manner.

**14.**

Defendant Reeves breached those duties and, therefore, he was negligent in colliding with the driver's side of Plaintiff's vehicle.

**15.**

Defendant Reeves' negligence is the sole and proximate cause of the subject-crash, and Plaintiffs resulting injuries and damages.

### COUNT II — *Imputed Liability of Defendant Sika*

**16.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #15 above as if fully restated.

**17.**

At the time of the subject-crash, Defendant Reeves was an employee of and/or operating his tractor-trailer under dispatch for Defendant Sika.

**18.**

At the time of the subject-crash, Defendant Reeves was driving his vehicle in furtherance of Defendant Sika's business.

**19.**

At the time of the subject-crash, Defendant Reeves was acting within the course and scope of his employment with Defendant Sika.

**20.**

Defendant Sika is responsible for the negligence of Defendant Reeves under the theory of *respondent superior* or vicarious liability.

**21.**

Defendant Sika is an interstate motor carrier and, pursuant to federal and state law, it is responsible for the actions and/or omissions of Defendant Reeves under the doctrine of lease liability, agency, or apparent agency.

### COUNT III — *Negligent Hiring, Training & Supervision of Defendant Sika*

**22.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #21 above as if fully restated.

**23.**

Defendant Sika was negligent in hiring Defendant Reeves and entrusting him to operate and drive a tractor-trailer.

**24.**

Defendant Sika was negligent in failing to properly train Defendant Reeves.

**25.**

Defendant Sika was negligent in failing to properly ensure Defendant Reeves was qualified to operate a tractor-trailer.

**26.**

Defendant Sika was negligent in failing to properly supervise Defendant Reeves.

**27.**

Defendant Sika negligence in hiring Defendant Reeves and entrusting him to operate the tractor-trailer, and in failing to properly train and supervise Defendant Reeves, was the sole and proximate cause of the subject-crash, and Plaintiffs' resulting injuries.

### COUNT IV — *Direct Action*

**28.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #27 above as if fully restated.

**29.**

Defendant GIC is subject to direct action as the insurer for Defendant Sika pursuant to O.C.G.A. § 40-2-140.

**30.**

Defendant GIC was the insurer of Defendant Sika at the time of the subject-crash and issued a liability policy to comply with the filing requirements under Georgia law for intrastate and interstate transportation.

**31.**

Defendants GIC and Sika are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 and similar laws.

**32.**

Defendant GIC is responsible for any judgment rendered against Defendant Sika.

### COUNT V — *Attorneys' Fees & Expenses of Litigation*

**33.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #32 above as if fully restated.

**34.**

Defendants, individually and by and through their representatives, have been stubbornly litigious and caused Plaintiff unnecessary trouble and expense.

**35.**

Defendants are liable to Plaintiff for the expenses of litigation, including attorney's fees, pursuant to O.C.G.A. § 13-6-11.

### COUNT VI — *Damages*

**36.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #35 above as if fully restated.

**37.**

As a result of Defendants' negligence, Plaintiff suffered severe and permanent injuries that required extensive medical treatment, including neck surgery.

**38.**

As a result of Defendants' negligence, Plaintiff has already incurred past medical expenses in an amount to be specified via amendment to this Complaint, and Plaintiff will continue to incur future medical expenses.

**39.**

As a result of Defendants' negligence, Plaintiff has a claim for past and future mental and physical pain and suffering.

**40.**

As a result of Defendants' negligence, Plaintiff has missed time from work and has a claim for past and future lost wages.

**41.**

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries, as well as her resulting damages and expenses.

## COUNT VI — *Punitive Damages*

**42.**

Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs #1 through #41 above as if fully restated.

**43.**

Defendants' actions and conduct in this matter were reckless, willful and wanton, and demonstrate a conscious indifference to the consequences of their actions and, therefore, entitle Plaintiff to an award of punitive damages in this matter.

**WHEREFORE**, Plaintiff prays that she has a trial on all issues and judgment against the above-named Defendants as follows:

  **(a)**   That Plaintiff recovers the full value of her past and future medical expenses and past and future lost wages in an amount to be proven at trial;

  **(b)**   That Plaintiff recovers for her physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

  **(c)**   That Plaintiff recovers for her permanent disabilities and loss of enjoyment of life in an amount to be determined by the enlightened conscience of a jury;

  **(d**)   That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of a jury; and

  **(e)**   That Plaintiff recovers such other and further relief as is just and proper.

*** *Signature to follow on next page* ***

This 25th day of May, 2023.

          **GREEN LAW, LLC**

        By: */s/Parker Green*
         **PARKER M. GREEN**
         Georgia Bar No. 130593
         *Attorneys for Plaintiff*

178 S. Main St., Suite #300
Alpharetta, Georgia 30009
(404) 790-0117 (mobile)
parker@greenlaw-atl.com